

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-11-2009

# Muff v. Dragovich

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1972

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Muff v. Dragovich" (2009). *2009 Decisions.* Paper 1884.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1884

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1972
_____

TRICIA MUFF,

Appellant

v.

MARTIN DRAGOVICH; THE DISTRICT ATTORNEY OF THE
COUNTY OF DELAWARE COUNTY; THE ATTORNEY GENERAL
OF THE STATE OF PENNSYLVANIA

On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(No. 05-cv-05251)
District Judge:  Honorable Harvey Bartle, III

Submitted Under Third Circuit LAR 34.1(a)
January 5, 2009

Before: CHAGARES and HARDIMAN, <u>Circuit</u> <u>Judges</u>, and GARBIS,<sup>*</sup> <u>District Judge</u>

(Filed: February 11, 2009 )
_____

OPINION OF THE COURT
_____

_____

<sup>*</sup> Honorable Marvin J. Garbis, Senior United States District Judge for the District
of Maryland, sitting by designation.

CHAGARES, Circuit Judge.

Tricia Muff appeals the District Court's denial of habeas corpus relief. For the reasons explained below, we will affirm.

I.

Because we write solely for the benefit of the parties, we will recite only the essential facts.

On December 1, 1998, Muff was babysitting her neighbor's 12-month-old child. That afternoon, while under Muff's care, the child suffered multiple gruesome injuries and died. Muff was charged with first-degree murder. She proceeded to trial in the Delaware County Court of Common Pleas.

Rather than take the more risk-averse route of conceding guilt on the lesser included charge of third-degree murder, Muff's counsel argued that the child's death was accidental and that no criminal conduct occurred. That is, counsel argued that Muff was not guilty of first-degree murder or any other crime.

In support of this theory, counsel presented a bio-engineering expert with extensive experience conducting autopsies at the Philadelphia Medical Examiner's Office. The expert testified that the child's head trauma was consistent with an accidental fall. He also testified that he could offer no opinion on the precise cause of the extensive bruising on her body because the surgery she underwent in an attempt to save her life may have contributed to it. Counsel also presented reputation witnesses who testified to

2

Muff's peaceful, non-violent character. Finally, Muff testified that the child's injuries were not intentionally inflicted.

The trial judge instructed the jury on first-degree murder, third-degree murder, involuntary manslaughter, aggravated assault, and endangering the welfare of a child. On July 23, 1999, the jury convicted Muff of first-degree murder, aggravated assault, and endangering the welfare of a child.

The Superior Court affirmed the verdict on direct appeal, and the Pennsylvania Supreme Court denied allocatur. Muff then filed a petition pursuant to the Pennsylvania Post-Conviction Relief Act (PCRA), which the Court of Common Pleas denied. The Superior Court affirmed the denial, and the Pennsylvania Supreme Court denied allocatur.

Muff then filed a timely habeas petition pursuant to 28 U.S.C. § 2254 in the District Court. The District Court denied the petition and did not grant a certificate of appealability. Muff then filed this appeal. This Court granted a certificate of appealability.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 2254, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

If the Pennsylvania state courts adjudicated Muff's claim on the merits, we will affirm the District Court's denial of habeas relief if that adjudication is not contrary to clearly established federal law, does not involve an unreasonable application of clearly

3

established federal law, and does not rest upon an unreasonable determination of the facts. Bond v. Beard, 539 F.3d 256, 263 (3d Cir. 2008) (citing 28 U.S.C. § 2254(d)). If the Pennsylvania state courts did not adjudicate Muff's claim on the merits, we will review it de novo. Id.

### III.

The parties dispute whether the state courts adjudicated Muff's ineffectiveness claim on the merits (and therefore what standard of review we must apply). This dispute is immaterial, however, because Muff's claims fail even on de novo review.

A claim of ineffective assistance of counsel is governed by Strickland v. Washington, 466 U.S. 668 (1984). Strickland holds that, to establish that counsel was constitutionally ineffective, the petitioner must prove that counsel's performance was objectively unreasonable and that the petitioner was prejudiced by such substandard advocacy. 466 U.S. at 687. To prove prejudice, the petitioner must demonstrate a reasonable probability that, had her lawyer's performance been up to par, the result of the proceeding — in this case, the verdict of guilty on the charge of first-degree murder — would have been different. Id. at 694.

Muff argues that counsel's decision not to concede guilt on third-degree murder and instead to present an accident defense in hopes of winning outright acquittal was unreasonable. The accident defense stood no reasonable chance of success, Muff contends, because the bulk of the medical testimony in the case suggested that the child

4

died from intentionally inflicted trauma. The decision to present the accident defense prejudiced Muff, she argues, because there is a reasonable chance that, had counsel conceded guilt on the third-degree murder charge, Muff would not have been convicted of first-degree murder.

We reject Muff's argument because we find that the accident defense was not so implausible as to make counsel's decision to present it objectively unreasonable. True, Muff's case may have been weak on the medical testimony. But counsel did marshal expert testimony — that of the biomedical engineer — to support Muff's version of the events. And Muff's case was strong on the issue of Muff's non-violent character. Counsel presented numerous witnesses who testified as to Muff's peaceful demeanor (and therefore to the unlikelihood that she murdered the child intentionally, a finding necessary for first-degree murder). Counsel also established through these witnesses that Muff had no motive to kill the child and that she had a long-term relationship with the child that was warm and loving. Further, at closing argument, counsel did indeed present the jury with a basis for a finding of guilty on the lesser charge of third-degree murder. See Appendix (App.) 136-38.

In light of the foregoing, we cannot say that this strategy was unreasonable. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information

5

supplied by the defendant." Stevens v. Del. Correctional Ctr., 295 F.3d 361, 371 (3d Cir. 2002). In fact, it might have been objectively unreasonable for counsel to have done what Muff now claims she wishes he would have done — to concede guilt on a lesser charge despite Muff's protestations to the contrary. See Felker v. Thomas, 52 F.3d 907, 911 (11th Cir. 1995) ("[T]rial counsel may not concede the guilt of a defendant who has pleaded not guilty, at least not without the defendant's consent. That is true enough as to the guilt stage . . . ."); United States v. Simone, 931 F.2d 1186, 1197 (7th Cir. 1991) ("We do not approve of a defense counsel's deliberate, explicit admission that a jury should find his client guilty of a charge in the absence of any suggestion that the defendant concurred in the decision to proceed in such a manner.").[1]

Muff also argues that counsel's performance was constitutionally deficient under Strickland because counsel did not present what he personally believed to be the best defense. This argument fails. Strickland instructs that reasonableness is to be judged objectively according to what might be considered sound strategy, not subjectively according to what the attorney in question thought was best. 466 U.S. at 687-88 ("When a convicted defendant complains of the ineffectiveness of counsel's assistance, the

---

[1] Florida v. Nixon, 543 U.S. 175 (2004), cited by Muff, is not to the contrary. Nixon held only that it was not objectively unreasonable for counsel in a capital case to concede his client's guilt in hopes of receiving a lighter sentence when the client reacted with "characteristic silence" whenever counsel sought his input in strategic decisions. 543 U.S. at 189. Muff's case is different. The uncontradicted PCRA hearing testimony indicates that, rather than remain silent, Muff affirmatively rejected other defenses counsel proposed to her. See App. 135-36.

6

defendant must show that counsel's representation fell below an objective standard of reasonableness."); <u>Gordon v. United States</u>, 518 F.3d 1291, 1301 (11th Cir. 2008) ("Because [the <u>Strickland</u>] standard is objective, it matters not whether the challenged actions of counsel were the product of a deliberate strategy or mere oversight. The relevant question is not what actually motivated counsel, but what reasonably could have motivated counsel.") (internal citations omitted). Therefore, counsel's personal beliefs about the efficacy of his trial tactics are not relevant to determining whether those tactics were constitutionally adequate.

IV.

For the above reasons, we will affirm the District Court's denial of Muff's petition for habeas corpus.